**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

Sean Rixner                                                Civil Action No.

              Plaintiff

v.

Trans Union, LLC                                        Complaint

                                         And

              Defendant

                                         Demand for Jury Trial

**COMPLAINT**

NOW comes the Plaintiff, Sean Rixner (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendant by and through their complaint that alleges the following:

**PRELIMINARY STATEMENT**

1.      This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District of Louisiana. Venue is also proper under 28 U.S.C. §1391(b)(1) due to the fact Trans Union reports on consumers in the Eastern District of Louisiana and resides in the Eastern District of Louisiana by maintaining sufficient contacts. Thus, venue is appropriate as to Trans

1

Union, LLC under 28 U.S.C. §1391(b)(1) and  28 U.S.C. §1391(b)(2) because Trans Union, LLC is deemed a resident of this district because of its sufficient contacts, and a substantial part of the events giving rise to Plaintiff's claim against Trans Union, LLC occurred in the Eastern District of Louisiana due to Plaintiff residing in the Eastern District of Louisiana.

## PARTIES

4.     Plaintiff is a natural person and is a citizen of Louisiana. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.     Defendant, Trans Union, LLC, (hereinafter Trans Union) is a Foreign For-Profit Limited Liability Company registered to do business in Louisiana and with a registered agent in Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union is reporting consumer credit filed on a substantial number of consumers in Louisiana.

## FACTUAL ALLEGATIONS

6.     Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7.     Plaintiff's Navient accounts are inaccurately reporting on their Trans Union credit report.

8.     Plaintiff's Navient accounts #2017**** and #2017****, which are student loan accounts, were fully satisfied on or about 06/15/2018. This brought them current with a $0 balance. The Navient accounts are reporting inaccurately because even though they have a $0 balance, the pay status continues to incorrectly report as "120 Days Past Due Date."

2

9.     It is impossible and incorrect to report the pay status of the Navient accounts as 120 days past due as of 11/22/2018 when the accounts had been fully satisfied with a $0 balance as of 06/15/2018. Because the pay status represents the current status of the account, this contradicting information cannot coexist. Not only are the Navient accounts false on the face of the credit report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were previously fully satisfied.

10.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union notifying them that the Navient accounts were being reported inaccurately. After receiving the letter, Trans Union notified Navient of Plaintiff's dispute.

11.     As a result of Plaintiff's dispute, Navient verified the accounts as accurate and instructed Trans Union to continue to report the inaccurate credit information. Plaintiff's Trans Union results dated 11/22/2018 reported Plaintiff's Navient accounts with a "Pay Status: Account 120 Days Past Due Date."

12.     Plaintiff's Sallie Mae account is inaccurately reporting on their Trans Union credit report.

13.     Plaintiff's Sallie Mae account # 1E00****, which is a student loan account, was fully satisfied on or about 10/13/2013. This brought it current with a $0 balance. The Sallie Mae account is reporting inaccurately because even though it has a $0 balance, the pay status continues to incorrectly report as "120 Days Past Due Date."

14.     It is impossible and incorrect to report the pay status of the Sallie Mae account as 120 days past due as of 11/22/2018 when the accounts had been fully satisfied with a $0 balance as of 10/13/2013. Because the pay status represents the current status of the account, this contradicting information cannot coexist. Not only is the Sallie Mae account false on the face of the credit

report, but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously fully satisfied.

15.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union notifying them that the Sallie Mae account was being reported inaccurately. After receiving the letter, Trans Union notified Sallie Mae of Plaintiff's dispute.

16.     As a result of Plaintiff's dispute, Sallie Mae verified the account as accurate and instructed Trans Union to continue to report the inaccurate credit information. Plaintiff's Trans Union results dated 11/22/2018 reported Plaintiff's Sallie Mae account with a "Pay Status: Account 120 Days Past Due Date."

17.     Based on information and belief, Trans Union has abandoned and been derelict in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Navient and Sallie Mae accounts.

18.     Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

19.     Navient and Sallie Mae did not provide a good faith and reasonable investigation into the disputed current pay status on the accounts they report to Trans Union on Plaintiff. Navient and Sallie Mae's investigations were unreasonable and lacking because it failed to lead Navient and Sallie Mae to correct the inaccurate pay status they were reporting to Trans Union on Plaintiff. A reasonable investigation would have discovered they should be reporting the accounts to Trans Union as "was previously Account 120 Days Past Due Date" or "Current, was previously Account 120 Days Past Due Date".

20.    Trans Union did not provide a good faith investigation into the disputed pay status of the Navient and Sallie Mae accounts. Based on information and belief, Trans Union did nothing more than parrot data from Navient and Sallie Mae in their investigation.

21.    The Navient and Sallie Mae accounts are not only inaccurate, but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions, please see *Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions").

22.    Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding the reporting of current pay statuses are not assuring accuracy, much less maximum accuracy. Trans Union's lacking policies and procedures are continuing to allow data furnishers such as Navient and Sallie Mae, to report historical pay statuses where a current pay status is needed.

23.    The reporting of this inaccurate payment status on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. The inaccurate pay status was furnished by Navient and Sallie Mae and reported by Trans Union, misrepresenting the payment rating and/or status of Plaintiff's accounts, and is currently being reported and reflected upon Plaintiff's most recent credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

24.    Plaintiff's credit reports, credit information, and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by Navient and

Sallie Mae and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

25.     As a result of Defendant, Trans Union's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

26.     As a result of Defendant's conduct, Plaintiff has suffered actual damages, all to Plaintiff's great detriment and loss.

27.     At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

28.     At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

29.     Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

30.     This suit is based upon the Defendant's violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages that Plaintiff has suffered.

### COUNT I—VIOLATION OF THE FAIR REPORTING ACT

31.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

32.     This suit is brought against the Defendant as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendant

did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled

to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *Trans Union's FCRA Violations*

33.     Trans Union violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good

faith investigation into Plaintiff's notice of dispute. Plaintiff requested for Trans Union to

reinvestigate the inaccurate reporting of the current pay status on their Navient and Sallie Mae

accounts via detailed and thorough dispute letter specifically disputing the inaccurate current

"Pay Status: Account 120 Days Past Due Date."

34.     The dispute was detailed, thorough, and informed Trans Union of all the relevant

information regarding the inaccuracies of the accounts and provided enough information to show

the accounts were being reported inaccurately. A portion of the dispute letter is reproduced below.

RE:     Sean Rixner


DOB
SSN     ████ -0714

Attn TransUnion Dispute Department:

I am sending you this dispute letter on behalf of my client listed above. The following accounts have a balance of $0 with a late status. This is simply incorrect. If my client owes them no money and has no payments that are behind, then it is impossible for their current status to be listed as late. Please see below:

| Data Furnisher | Account Number | Status | Balance |
| --- | --- | --- | --- |
| Navient | 4691XXXXXXXXXXXX | 120 Days Past Due | $0 |
| Sallie Mae | 2710XXXXXXXXXXXX | 120 Days Past Due | $0 |

If this incorrect information is not removed or corrected from my client's credit report further action might be instituted under 15 U.S.C. § 1681. If necessary or required, we will obtain local and licensed counsel to aid in this matter. The data furnisher that we are disputing above has a lengthy history of FCRA violations, which can be proven by viewing PACER. Please let this serve notice that the information that they have in the past, as well as current credit data that they are providing you, is inaccurate and cannot be trusted. Please respond to this dispute by sending your investigation results to my law firm, McCarty & Raburn Law Firm, A Consumer Law Firm PLLC, 3000 Custer Road, Suite 270 #1501, Plano, TX 75075.

Sincerely,

Jonathan Raburn

35.     Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute. If they had, they would have discovered that Navient and Sallie Mae were reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Based on

information and belief, Trans Union forsook its duties under the Fair Credit Reporting Act and

has not conducted its own independent investigation into Plaintiff's dispute of the Navient and

Sallie Mae accounts. Trans Union simply parroted data from an ACDV sent to it by Navient and

Sallie Mae. Based on information and belief, Trans Union did not place one call or send one

email investigating Plaintiff's dispute of the Navient and Sallie Mae accounts. Trans Union

simply regurgitated data from the ACDV.

36.     The disputed accounts have current pay statuses that show "Pay Status: Account 120

Days Past Due Date" even though Trans Union is currently reporting Plaintiff's accounts with a

"$0" balance. It is impossible for Plaintiff to make "$0" payments to bring the accounts current.

With this type of reporting, Plaintiff will never be able to bring the accounts current. A

reproduction of the inaccurate reporting is seen below.



37.     Trans Union was notified and made aware of the specific issues with Plaintiff's accounts from the dispute letter. It should have been easy for Trans Union to determine that the accounts were extremely inaccurate with the information that was provided.

38.     Trans Union is allowing the data furnishers, Navient and Sallie Mae, to report historical data within a data field for the *current status* of the accounts. When a *current status* code is used to report historical data, the credit scoring algorithm's treat the historical data as *current data*. The effect is obvious. The erroneous status decreases the consumer's credit worthiness by implying that the consumer is currently late on existing obligations. In other words,

if Navient and Sallie Mae would have reported Plaintiff's Navient and Sallie Mae accounts as previously late on their loans—an accurate reporting— Plaintiff would not be here today.

39.     The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation, they would have corrected or deleted Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a)  Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
>> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15  U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> (A)*In general*. If, after any reinvestigation under paragraph (1) of any   information   disputed   by   a   consumer,   an   item   of   the

information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

> (i)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

> (ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

40.    Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block accounts with a zero balance from being reported with a current status of past due or late.

41.    Plaintiff's debts on the Navient and Sallie Mae accounts were fully eliminated, but Trans Union continued to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This simply makes no logical sense. Trans Union should be reporting the accounts as "current" or was "previously past due" and not "past due."  These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

> (a)  Accuracy of the Report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

42.     Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). *See Exhibit A*. Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

43.     The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. *See Exhibit B*. Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling. Plaintiff cites this case to show that this inaccurate reporting is an issue that not only should be determined by a jury, but that, in fact, a jury has already returned a verdict on the issue deeming this type of reporting as inaccurate and a willful violation of the FCRA.

44.     Trans Union's reporting of the current pay status has been inconsistent and contradicts the accuracy of their reporting of this status. In *Bostick v. Trans Union LLC et al*, which was filed in the Northern District of Texas under case number 3:20-cv-01953-N, Defendant Trans Union reported Plaintiff Bostick's zero-balance account with a late pay status, as in the instant case. Bostick, through his counsel, disputed the late pay status with a dispute letter similar to the letter disputing the account in the instant case, but the late pay status was not corrected following investigation by Trans Union. But a subsequent credit report revealed that

13

Bostick's account pay status was changed to reflect "current" even though he had not taken any actions that would have resulted in the pay status being updated following the investigation of his dispute. Trans Union is inconsistent in its reporting of zero-balance accounts that were previously late when the accounts were fully satisfied and continues to report fully satisfied accounts with a late status to the detriment of consumers such as Plaintiff in the instant case. *See Exhibit C*.

45.     Trans Union's reporting is also materially misleading because the appearance of a late pay status appears as though Plaintiff is currently delinquent on the account. This type of reporting is so misleading that even a federal government agency views the pay status field as representing a current pay status. In *Settles v. Equifax Information Services LLC et al*, which was filed in the Eastern District of Texas under case number 4:19-cv-00344-ALM, Plaintiff Settles was denied employment by the federal government due to the reporting of a zero-balance account with a late pay status. *See Exhibit D*. So, the display of a late pay status on a zero-balance account is materially misleading because it appears as though an individual is currently delinquent, rather than historically so. If a federal government agency views the late pay status as a current pay status, it is reasonable to expect that a jury will reach the same conclusion, which was seen in the *Macik* case. Additionally, the letter attached as Exhibit D shows at minimum that reporting an account with a zero balance and a late pay status is materially misleading enough to confuse and misinform a federal government agency.

### *Third Parties have viewed Plaintiff's Trans Union Credit Report*

46.     The negative tradeline(s) reported by Navient and Sallie Mae on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

47.     Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline(s) provided by Navient and Sallie Mae on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

48.     The conduct of the Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

**Industry Guidelines cannot negate Defendant's obligations under the FCRA**

49.     The Defendant cannot rely on their industry guidelines as a defense in this matter. Please see *EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant."* We agree with Plaintiff that Defendant may not use these guidelines as a defense here. Notably, Defendant does not cite to any legal authority for the proposition that adherence to these industry guidelines shields it from FCRA liability. (*See* ECF No. 86 at 15-16.) Indeed, the relevant case law plainly runs counter to this argument. *See, e.g.*, *Florence v. Cenlar Fed. S&L*, No. 16-587, 2018 U.S. Dist. LEXIS 34151, at *20 (D. Nev. Mar. 1, 2018) ("industry guidelines—such as Metro 2—do not establish the standards for accuracy under the FCRA."); *Burrows v. Experian Info. Sols., Inc.*, No. 16-6356, 2017 U.S. Dist. LEXIS 39845, at *21-22 (N.D. Cal. Mar. 20, 2017) ("FCRA does not mandate compliance with Metro 2 or any other particular set of industry standards."). EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant., No. CV 18-1538, 2020 WL 5820700, at *12 (E.D. Pa. Sept. 30, 2020).

**_Defendant's reporting is inaccurate and is a willful violation of the FCRA_**

50.     The reporting of Plaintiff's zero-balance account with a late pay status is inaccurate, and Defendants have willfully violated the FCRA. In *Zimerman v. Trans Union, LLC et al*, which was filed in the Eastern District of New York under case number 1:20-cv-00680-WFK-RER, Defendant Pennsylvania Higher Education Assistance Agency d/b/a American Education Services ("PHEAA") filed a Motion to Dismiss arguing that its reporting of Plaintiff's account was accurate, and PHEAA did not willfully violate the FCRA. In a straightforward order on the Motion to Dismiss, the U.S. District Judge William F. Kuntz, II stated simply, "Defendant's Motion to Dismiss. . . is DENIED." It is clear that reporting a late pay status on an account with a balance of $0 is inaccurate and a willful violation of the FCRA.

51.     Similarly, in *Hall v. Trans Union, Inc. et al*, which was filed in the Eastern District of Texas under case number 4:19-cv-00296-ALM and involved the same legal theory of the instant case of the inaccurate reporting of a zero-balance account with a late pay status, Defendant Wells Fargo Home Mortgage's Motion to Dismiss was denied after the U.S. District Judge Amos L. Mazzant found that Plaintiff Hall stated plausible claims.

### DEMAND FOR JURY TRIAL

52.     Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

a.   Actual damages pursuant to 15 U.S.C. §1681;

b.   Statutory damages pursuant to 15 U.S.C. §1681;

c.   Punitive damages pursuant to 15 U.S.C. §1681;

d.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Dated:  November 18, 2020

    Respectfully submitted,


        /s/Jonathan Raburn
        Jonathan Raburn
        ATTORNEY FOR PLAINTIFF
        Louisiana Bar Roll No. 28728
        McCarty & Raburn, A Consumer Law Firm, PLLC
        2931 Ridge Rd. Suite 101 #504
        Rockwall, Texas 75032
        jonathan@geauxlaw.com
        Phone 225-412-2777